**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 10-22467-CIV-SEITZ/SIMONTON

VERTILE JEAN, *et al.*,

        Plaintiffs,

vs.

JOHN C. TORRESE, *et al.*,

        Defendants

                             /

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment [DE-89]. Plaintiffs brought this class action on behalf of bean pickers who worked the fields at Defendants' farm during the 2009-10 bean picking season. The Amended Complaint alleges violations of the Migrant and Seasonal Agricultural Worker Protection Act (AWPA) and the Fair Labor Standards Act. Plaintiffs seek summary judgment solely as to the liability of Defendants for failure to comply with the record keeping requirements of AWPA, 29 U.S.C. §§ 1821(d)(1) and 1831(c)(1),[1] and for failure to comply with the wage statement requirements of AWPA, 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2).[2] Because a genuine issue of material fact exists as to this portion of Plaintiffs' claim, the Motion is denied.

---

[1] Both § 1821(d)(1) and § 1831(c)(1) require employers to keep and preserve records containing the following information: (A) the basis on which wages are paid; (B) the number of piecework units earned, if paid on a piecework basis; (C) the number of hours worked; (D) the total pay period earnings; (E) the specific sums withheld and the purpose of each sum withheld; and (F) the net pay.

[2] Both § 1821(d)(2) and § 1831(c)(2) require employers to "provide to each such worker for each pay period, an itemized written statement of the information required by paragraph (1) of this subsection." The items in paragraph (1) are those set out in footnote 1, above.

Plaintiffs argue that instead of properly recording the hours worked by each worker, as required by AWPA, Defendants used a formula to calculate the hours worked based on the amount of beans picked by the worker. In support, Plaintiffs rely entirely on the Affidavit of Armando Guadamuz [DE-63-2], in which he states that "I created data based entirely on the production shown for the worker." The Affidavit further states that the data was created by crediting each bean picker with one hour of work for every two boxes of beans picked. However, at his deposition, Gudamuz testified that he only used this formula "in certain cases," but not in all cases. DE-117-1 at 54:24-55:2. Thus, there is a genuine issue of material fact as to whether Guadamuz violated the record keeping requirements as to all members of the class. Consequently, Plaintiffs have not shown that they are entitled to class wide relief on the issue of Defendants' failure to comply with the record keeping requirements of §§ 1821(d)(1) and 1831(c)(1).

Plaintiffs' claims for violations of the wage statements requirements of AWPA are dependent on their record keeping claims because if Defendants kept accurate records and thus did not violate the record keeping requirements, then the wage statements provided to Plaintiffs were accurate. Therefore, because Plaintiffs are not entitled to summary judgment on the record keeping claims, they are not entitled to summary judgment on the wage statement claims. Accordingly, it is

ORDERED that:

1. Plaintiffs' Motion for Partial Summary Judgment [DE-89] is DENIED.

2.  Defendants' Motion to Strike or to Deny Plaintiffs' Motion for Partial Summary

Judgment for Failure to Comply With Local Rule 7.5C's Requirement of a Numbered Statement

of Undisputed Material Facts [DE-93] is DENIED as moot.

DONE and ORDERED in Miami, Florida, this _28th_ day of August, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record